UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DAVID BANES, on behalf of himself and all )
others similarly situated, BABULAL TARAPARA, )
individually and on behalf of himself and all )
others similarly situated, KUMUD JINDAL, )
individually and on behalf of himself and all others )
similarly situated, and KRISTOPHER HENNEN, )
individually and on behalf of all others similarly )
situated, )
                                                                                                                              Plaintiffs, )
)
                                                                                                                              v. ) No. 1:14-cv-1599-TWP-DML
)
KEVIN MODANY, DANIEL FITZPATRICK, and )
ITT EDUCATIONAL SERVICES, INC., )
)
                                                                       Defendants. )

## Order on Motions to Appoint Lead Plaintiff and Approve Lead Counsel

This matter is before the Court on several motions for appointment as lead plaintiff under the Private Securities Litigation Reform Act of 1995 (the "PSLRA" or "Act"), 15 U.S.C. § 78u-4(a)(3)(B), and for approval of the lead plaintiff's selection of legal counsel. The Court has consolidated four putative class action lawsuits alleging violation of the Securities and Exchange Act of 1934 by ITT Educational Services, Inc. and two of its officers. The cases have been recaptioned as provided above. Plaintiff's and/or Movants David Barnes ([Filing No. 20](Filing No. 20)), Kumud Jindal ([Filing No. 22](Filing No. 22)), Meitav Dash Mutual Fund Management Ltd. ("Meitav") ([Filing No. 26](Filing No. 26)), Chang Pin Lin ("Lin") ([Filing No. 29](Filing No. 29)), and Helene Hamel ([Filing No. 34](Filing No. 34)) have each filed a Motion to Appoint Counsel and for Appointment of Lead Plaintiff. Although several

persons, entities, or groups filed motions seeking appointment as lead plaintiff, some of them have conceded in subsequent filings that another is the presumptive lead plaintiff because of its larger financial interest. As explained below, the Court appoints Meitav as lead plaintiff because it has the largest financial interest in the relief sought by the class and has made a sufficient preliminary showing that it satisfies the requirements of Fed. R. Civ. P. 23. The court also approves Meitav's selection of counsel.

I. **The PSLRA sets forth requirements for appointing lead plaintiff.**

The PSLRA establishes a procedure to appoint a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). The Act presumes that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice [required to be published for class actions covered by the Act];
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted if there is proof that the most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa), (bb).

2

## II. Meitav has the largest financial interest in the relief sought and satisfies the other requirements for appointment as lead plaintiff.

Among the persons or groups seeking appointment as lead plaintiff, movant Meitav has, by far, the largest financial interest in the relief sought by the class. Meitav estimates its losses at approximately $1.4 million. (*See* [Filing No. 28 at p. 10](#)). The other movants, except one, accept that Meitav has shown that it is the presumptive lead plaintiff and that the presumption has not been rebutted. The movant who challenges Meitav's appointment Lin, on behalf of a group. ([Filing No. 47](#)). Lin contends that Meitav lacks standing and that its claims are atypical, rendering it an inadequate class representative. Lin's arguments stem mostly from its assertion that Meitav is only an investment advisor and suffered no losses itself. ([Filing No. 47 at ECF p. 4](#)). However, Meitav has submitted unrebutted proof that Lin's assertion is not accurate and that its status as a fund management company supplies standing. *(*[Filing No. 67 at ECF pp. 9-18](#)).

Lin's contention that Meitav is an inadequate class representative rests on assertions that Meitav engaged in options trading in addition to common stock purchases, is a foreign entity that could be managing the case from overseas and, as a foreign entity, "is subject to the unique defense of res judicata." ([Filing No. 47 at ECF p. 9](#)). The Court is not persuaded. Meitav has shown that the res judicata issue is unfounded and that its options trades and its status as a foreign entity will not detract from its ability to act in the best interests of the class. ([Filing No. 67 at pp. 14-17](#)). The Court is satisfied that Meitav has made a sufficient preliminary showing that its claims are typical of the class and that it will fairly and adequately protect

3

the interests of the class. *See Winn v. Symons Int'l Group, Inc.,* 2001 WL 278113 at *4-5 (S.D. Ind. March 21, 2001) (addressing Rule 23 factors relevant to lead plaintiff selection process).

### III.    Meitav's choice of counsel is approved.

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). Meitav has selected and retained lawyers with the law firms of Glancy Binkow & Goldberg LLP and Katz & Korin, PC as proposed lead and liaison counsel for the class. The lawyers have submitted evidence that they have extensive experience in prosecuting complex class actions such as this one and the Court has no reason to doubt their qualifications to represent the class.

## Conclusion

For the foregoing reasons, Meitav's Motion (Filing No. 26) to be appointed lead plaintiff is **GRANTED**. The Court hereby appoints Meitav Dash Mutual Fund Management Ltd. as lead plaintiff and approves Meitav's selection of lead and liaison counsel.

All other motions for appointment as lead plaintiff; Filing No. 20 (Cynthia Grebely and Hoai T. Truong), Filing No. 22 (Kumud Jindal), Filing No. 29 (movant Chang Pin Lin), and Filing No. 34 (Helene Hamel), are **DENIED**.

The Court requests the Magistrate Judge to conduct a case management conference with counsel for the lead plaintiff and for defendants.

SO ORDERED.

Dated: 3/16/2015

*[Signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system