EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| *In re* ITT EDUCATIONAL SERVICES, INC. SECURITIES LITIGATION (INDIANA) | CASE NO. 1:14-cv-01599-TWP-DML |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement dated as of November 2, 2015 (the "Stipulation"), is submitted in the above-captioned Action pending in the United States District Court for the Southern District of Indiana and is made and entered into by and among: (i) Lead Plaintiff Meitav Dash Mutual Fund Management Ltd. ("Meitav" or "Lead Plaintiff"), plaintiff Babulal Tarapara ("Tarapara"), plaintiff Kristopher Hennen ("Hennen"), plaintiff Cynthia Grebely ("Grebely"), and plaintiff Hoai T. Truong ("Truong") (collectively, "Plaintiffs"), on behalf of themselves and all other Members of the Settlement Class (as defined herein), by and through counsel of record in the Litigation (as defined herein); and Defendants (ii) ITT Educational Services, Inc. ("ITT" or the "Company"), and (iii) Kevin M. Modany ("Modany") and Daniel M. Fitzpatrick ("Fitzpatrick") (Modany and Fitzpatrick, collectively, the "Individual Defendants") ((ii) and (iii) are collectively the "Defendants"), by and through their counsel of record in the Litigation.  Plaintiffs and Defendants together are the "Settling Parties."  This Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), and to dismiss this Action against the Defendants with prejudice, upon and subject to the approval of the Court and the terms and conditions set forth in this Stipulation, without any admission or concession as to the merits of any of the Settling Parties' claims or defenses. Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Section IV.1, *infra*.

## I.    THE LITIGATION

On September 30, 2014, this Action was filed as a putative class action on behalf of purchasers of ITT securities. (Dkt. No. 1).  On November 17, 2014, the Court consolidated two related actions into this Action.  (Dkt. No. 18).  On January 21, 2015, the Court consolidated a third related action into this Action.  (Dkt. No. 73).  By Order dated March 16, 2015, Meitav was appointed as Lead Plaintiff for the putative class, Glancy Binkow & Goldberg LLP[1] was appointed as Lead Counsel, and Katz & Korin was appointed as Liaison Counsel in the consolidated Action. (Dkt. No. 75).

On May 26, 2015, Plaintiffs filed the Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") (Dkt. No. 87), alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, against Defendants on behalf of themselves and all other similarly situated purchasers of the securities of ITT from February 26, 2013, through May 12, 2015, both dates inclusive (the "Class Period").

Subsequently, the parties agreed to conduct settlement negotiations in an attempt to resolve this Action without further litigation.  On July 14, 2015, the Court granted a stay of all proceedings in this Action to facilitate the Parties' efforts to resolve this Action through mediation.  (Dkt. No. 89).

In preparation for the mediation and to enable Plaintiffs to assess the reasonableness of any potential settlement, Defendants provided Plaintiffs with over 180,000 pages of documents not otherwise available to Plaintiffs by virtue of the discovery stay imposed by the Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b)(3)(8).

On August 11 and 12, 2015, following the submission of detailed mediation statements, the Parties participated in a mediation session conducted by the Honorable Daniel Weinstein (Ret.) of JAMS.  At the end of the two-day mediation, the parties agreed in principle to a basic framework for

---

[1] During the course of the Litigation, Glancy Binkow & Goldberg LLP changed its name to Glancy Prongay & Murray LLP.  (*See* Dkt. No. 85).

the resolution of this Litigation through settlement, subject to documentation and the approval of the Court.  Thereafter, following additional communications and arm's-length negotiations, the Parties agreed to the remaining terms for the settlement of this Litigation and proceeded to draft this Stipulation.

On October 9, 2015, the Parties jointly requested that the stay of this Action be extended until October 27, 2015 to allow for this Stipulation, and the terms of the Settlement embodied herein, to be finalized. (Dkt. No. 90).  On October 26, 2015, the Parties jointly requested an additional two week extension of the stay of this Action, which the Court granted on October 27, 2015.  (Dkt. No. 93).

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Each Defendant has expressly denied, and continues to deny, all allegations of wrongdoing, fault, liability, or damage to Plaintiffs and the Settlement Class, arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Complaint and affirm that they have acted properly and lawfully at all times.  Defendants further deny that they ever engaged in or committed any fraud, any violation of law, any breach of duty, or any other wrongdoing or improper conduct whatsoever.  Defendants maintain that they had and have meritorious defenses to all allegations in this Action and that had the terms of this Stipulation not been reached, Defendants would have continued to contest vigorously Plaintiffs' allegations.  This Stipulation shall in no event be construed as, or deemed to be evidence of, an admission or concession by any Defendant with respect to any claim, or of any fault or liability or wrongdoing or damage whatsoever.  Nor shall this Stipulation be construed as, or deemed to be evidence of, an admission or concession by any Defendant of any infirmity in the defenses that Defendants could have asserted in this Action or otherwise.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive and wish to avoid the expense, inconvenience, and distraction of burdensome and protracted litigation.  Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Litigation.  Defendants have,

therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.   CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs believe that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims.   However, Plaintiffs and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial, post-trial motions and appeals.   Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs and their counsel also are mindful of the inherent problems of proof under, and possible defenses to, the securities law violations asserted in this Litigation.   Plaintiffs and their counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class.   Based on their evaluation, Plaintiffs and their counsel have determined that the Settlement set forth in the Stipulation is in the best interests of the Settlement Class.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and all of the other Settlement Class Members) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, this Litigation and the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.   Definitions

As used in this Stipulation, and the exhibits annexed hereto, the following terms have the meanings specified below.   In the event of any inconsistency between any definition set forth below and any definition set forth in any document attached as an exhibit to this Stipulation, the definition set forth below shall control.

1.1.     "Authorized Claimant" means any Member of the Settlement Class who, in accordance with the terms of this Stipulation, is entitled to a distribution from the Net Settlement Fund (as defined in ¶5.3 hereof) pursuant to any Plan of Allocation or any order of the Court.

1.2.     "Claims Administrator" or "Settlement Administrator" means the firm of Angeion Group.

1.3.     "Complaint" means the Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws filed by Plaintiffs on May 26, 2015.

1.4.     "Court" means the United States District Court for the Southern District of Indiana.

1.5.     "Defendants" means ITT, Modany, and Fitzpatrick.

1.6.     "Defendants' Counsel" means Gibson, Dunn & Crutcher LLP and Ice Miller LLP.

1.7.     "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of this Stipulation have been met and have occurred.  The Effective Date is in no way dependent on, or conditioned on, the approval of any other settlement and/or the resolution of any other action or litigation against Defendants.

1.8.     "Escrow Account" means an escrow account established, maintained, and controlled by the Escrow Agent into which Defendants shall deposit, or cause to be deposited, the $12.5375 million ($12,537,500.00) in cash to establish the Settlement Fund.

1.9.     "Escrow Agent" means Glancy Prongay & Murray LLP.

1.10.     "Final" means, with respect to any Court order, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise.  Without limitation, an order becomes "Final" when: (a) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (b) an appeal has been filed and either (i) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (ii) the order has been affirmed in all material respects and the prescribed time, if any, for commencing any further appeal

has expired.  For purposes of this Paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of *certiorari* or *mandamus*, and any other proceedings of like kind.  Any appeal or other proceeding pertaining to any order adopting or approving a Plan of Allocation, or to any order issued in respect to an application for attorneys' fees and expenses, pursuant to ¶¶6.1 and 6.2, below, shall not in any way delay or preclude the Judgment from becoming Final.

1.11.    "ITT Securities" means ITT common stock and any call options or put options on the same.  With respect to put options, references to "purchases" of ITT Securities mean the writing of put options.

1.12.    "Judgment" means the order of final judgment to be entered by the Court approving the Settlement which, subject to the approval of the Court, shall be substantially in the form attached as Exhibit B hereto.

1.13.    "Lead Plaintiff" means Meitav.

1.14.    "Litigation" or "Action" means the consolidated securities class action pending in this Court under the caption *In re ITT Educational Services, Inc. Securities Litigation (Indiana)*, Case No. 1:14-cv-01599-TWP-DML, including, without limitation, all cases consolidated under that caption.

1.15.    "Parties" means the Plaintiffs and the Defendants.

1.16.    "Person(s)" means an individual, corporation, limited liability company, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity together with their spouses, heirs, predecessors, successors, administrators, parents, subsidiaries, affiliates, representatives, or assignees of any of the foregoing, and any other representative or person or entity acting on behalf of, or claiming under, any of these persons and entities.

1.17.    "Plaintiffs" means Meitav, Tarapara, Hennen, Grebely and Truong, both in their individual capacities and as representatives of the Settlement Class.

1.18.     "Plaintiffs' Counsel" means Lead Counsel (Glancy Prongay & Murray LLP) and Katz and Korin, P.C.

1.19.     "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund, to be approved by the Court, whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of or provision for expenses of notice and administration of the Settlement, Taxes and Tax Expenses (as defined in ¶2.15(c) hereof), and such attorneys' fees, costs, expenses, and interest and any award to the Plaintiffs as may be awarded by the Court.  Any Plan of Allocation is not part of the Stipulation and the Defendants and any other Released Persons shall not have any responsibility or liability with respect thereto.

1.20.     "Proof of Claim and Release" means the form to be sent to Settlement Class Members, in the form attached as Exhibit A-2 hereto, upon further order(s) of the Court, by which any Settlement Class Member may make claims against the Settlement Fund for damages allegedly incurred by reason of their investment(s) in ITT Securities.

1.21.     "Released Claims" means any and all claims (including Unknown Claims), demands, debts, losses, damages, duties, rights, disputes, actions, causes of action, liabilities, obligations, judgments, suits, matters, controversies, proceedings, or issues, of any kind, nature, character, or description whatsoever (and including, but not limited to, any claims for damages, whether compensatory, consequential, special, punitive, exemplary, or otherwise, and any and all fees, costs, interest, expenses, or charges), whether known or unknown, contingent or absolute, suspected or unsuspected, foreseen or unforeseen, disclosed or undisclosed, concealed or hidden, apparent or not apparent, accrued or unaccrued, matured or unmatured, liquidated or not liquidated, asserted or unasserted, at law or in equity, that have been asserted, could have been asserted, or in the future could be asserted against Defendants or any of the Released Persons in this Litigation or in any other court, tribunal, forum or proceeding (including, but not limited to, any claims arising under U.S. federal, state or local law, foreign law, common law, statutory law, administrative law, rule, regulation, or at equity, relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws, or otherwise, and including all claims within the exclusive jurisdiction of the

federal courts), whether individual, class, direct, derivative, representative, legal, equitable or any other type, or in any other capacity, (a) by reason of, arising out of, relating to, involving or in connection with, directly or indirectly, the allegations, claims, conduct, facts, events, practices, transactions, acts, occurrences, failures, statements, representations, alleged misrepresentations, alleged omissions, the documents publicly filed with the U.S. Securities and Exchange Commission by ITT and all disclosures or alleged non-disclosures made by Defendants in connection with any of the foregoing, or any other matter, thing or cause whatsoever, or any series thereof, that were, could have been or in the future might be alleged, claimed, asserted, embraced, involved, or set forth, referred to in or otherwise related to, directly or indirectly, the Litigation or subject matter of the Litigation; (b) would have been barred by *res judicata* or collateral estoppel had the Action been fully litigated to a final judgment; and (c) were, could have been, or in the future could be, asserted in any forum or proceeding or otherwise by any Settlement Class Member that relate to the purchase, sale, acquisition or holding of ITT Securities during the Settlement Class Period.  The Released Claims shall not include claims to enforce the Settlement.  For the avoidance of doubt, Released Claims does not include the claims alleged as of the date of this Settlement in the actions captioned: *Sasha Wilfred, Derivatively on Behalf of Nominal Defendant ITT Educational Services, Inc. v. Kevin M. Modany, et al.*, 1:13-cv-03110-JPO (S.D.N.Y.); *Janice Nottenkamper, Derivatively on Behalf of Nominal Defendant ITT Educational Services, Inc. v. Kevin M. Modany, et al.*, 1:15-cv-03390 (S.D.N.Y.); *Michelle Lawrence, Derivatively on Behalf of Nominal Defendant ITT Educational Services, Inc. v. Kevin M. Modany, et al.*, 1:14-cv-02106 (S.D. Ind.); *William McKee, Derivatively on behalf of ITT Educational Services, Inc. v. Kevin Modany, et al.*, 49D07-1507-PL-021891 (Marion Circuit Court, Indianapolis, Indiana); *United States Securities and Exchange Commission v. ITT Educational Services, Inc., Kevin M. Modany, and Daniel M. Fitzpatrick*, 1:15-cv-00758-JMS-MJD (S.D. Ind.); and *In re ITT Educational Services, Inc. Securities Litigation*, 1:13-cv-01620-JPO-JLC (S.D.N.Y.).

   1.22.  "Released Person(s)" means each and all Defendants, and/or any of their respective past, present or future, family members, spouses, domestic partners, parents, associates,

affiliates, divisions, subsidiaries, officers, directors, stockholders, owners, members, representatives, employees, attorneys, financial or investment advisors, consultants, underwriters, investment banks or bankers, commercial bankers, insurers, reinsurers, excess insurers, co-insurers, engineers, advisors, principals, agents, heirs, executors, trustees, estates, beneficiaries, distributees, foundations, general or limited partners or partnerships, joint ventures, personal or legal representatives, administrators, or any other person or entity acting or purporting to act for or on behalf of any of the Defendants, and each of their respective predecessors, successors, and assigns, and any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and/or member(s) of his family.  For the avoidance of doubt, Released Persons does not include PricewaterhouseCoopers, LLP, which is also known as PwC LLP.

     1.23.     "Settlement" means the settlement of the Litigation as embodied in this Stipulation.

     1.24.     "Settlement Class" means, for purposes of this Settlement, and to be certified pursuant to Fed. R. Civ. P. 23 for purposes of effectuating this Settlement only, all persons and/or entities who purchased or otherwise acquired ITT common stock, purchased or otherwise acquired call options on ITT common stock, or wrote put options on ITT common stock, between February 26, 2013 and May 12, 2015, both dates inclusive.  Excluded from the Settlement Class are Defendants, the officers and directors of ITT during the Settlement Class Period, members of their immediate families, the legal representatives, heirs, successors or assigns of any of the foregoing and any entity in which a Defendant has or had a controlling interest during the Settlement Class Period. Any person or entity that timely and validly requests exclusion from the Settlement Class pursuant to and in accordance with the terms of the Notice Order (as defined in ¶3.1 hereof) is also excluded from the Settlement Class.

     1.25.     "Settlement Class Member" or "Member of the Settlement Class" means a Person who falls within the definition of the Settlement Class as set forth in ¶1.24 and who does not validly request exclusion from the Settlement Class in accordance with the procedures to be established by the Court in connection with the approval of this Stipulation and the Settlement.

1.26.    "Settlement Class Period" means the period commencing on February 26, 2013, through May 12, 2015, both dates inclusive.

1.27.    "Settlement Fund" means $12.5375 million ($12,537,500.00) in cash, plus any interest earned thereon.

1.28.    "Settling Parties" means, collectively, Defendants and Plaintiffs, on behalf of themselves and the Members of the Settlement Class.

1.29.    "Unknown Claims" means any and all Released Claims, of every nature and description, which Plaintiffs or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement or not to exclude himself, herself or itself from the Settlement Class.  Unknown Claims include those claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any U.S. federal law or any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable or equivalent in effect to California Civil Code § 1542.  Plaintiffs and other Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs and each Settlement Class

Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have expressly, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and was a material element of the Settlement.

### 2.   The Settlement

#### A.   Scope and Effect of the Settlement

2.1.   The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and any and all Released Claims as against all Released Persons. The Settling Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Settling Parties, and reflect a settlement reached voluntarily after consultation with experienced legal counsel and an experienced mediator.

2.2.   Upon the Effective Date, Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and every Released Claim against each of the Released Persons.

2.3.   Upon the Effective Date, Plaintiffs and each of the Settlement Class Members shall have covenanted not to sue the Released Persons with respect to any Released Claims and will be forever barred and enjoined from commencing, instituting, participating in, maintaining, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any Released Claim (including, without

limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of this Action against any Released Persons.

2.4.     All Plaintiffs and Settlement Class Members shall be bound by the releases set forth in the Judgment whether or not they submit a Proof of Claim and Release, seek or obtain a distribution from the Settlement Fund, are entitled to receive a distribution under the Plan of Allocation approved by the Court, or have objected to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application (as defined in ¶6.1 hereof).

2.5.     Upon the Effective Date, any and all Persons shall be permanently barred and enjoined, to the fullest extent permitted by law, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to that Person is their actual or threatened liability to the Settlement Class or a Settlement Class Member) based upon, relating to, arising out of, or in connection with the Released Claims and/or transactions in ITT Securities during the Settlement Class Period.

2.6.     Upon the Effective Date, each of Defendants and/or the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Settlement Class Members, Plaintiffs, and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

2.7.     Notwithstanding the above, nothing in this Stipulation shall bar any action or claims to enforce the terms of this Stipulation.

**B.     The Settlement Fund**

2.8.     In consideration of the full and final settlement of the Released Claims, ITT, on behalf of all Defendants, shall cause the principal amount of the Settlement Fund, $12.5375 million ($12,537,500.00) to be deposited into the Escrow Account by wire transfer or delivery of a check by no later than fifteen (15) business days after the later of: (i) the Court's entry of the Notice Order, preliminarily approving the Settlement, referenced in ¶3.1 below, or (ii) receipt by

Defendants' Counsel from Plaintiffs' Counsel of all necessary payment details to accomplish payment of the Settlement Fund by wire transfer or check, including payee name, payee mailing address, bank account number, name of bank, and bank address, a Sort Code or ABA Routing Number, the currency of the account receiving the funds, wire transfer instructions, the Tax Identification Number, and an executed Form W-9.

2.9.     The amount as specified in ¶2.8 of this Stipulation shall be the full and sole monetary contribution made by or on behalf of the Released Persons in connection with resolution of the Action and the Settlement, including with respect to the payment of notice and administration expenses, which shall be paid out of the Settlement Fund. Under no circumstances will Defendants, collectively or separately, or anyone on their behalves, be required to pay or cause to be paid any amount in addition to the principal amount of the Settlement Fund caused to be deposited with the Escrow Agent pursuant to ¶2.8 of this Stipulation and the Settlement set forth herein. If the Settlement Fund, or any portion thereof, is not deposited into the Escrow Account by the time specified in ¶2.8 hereof, the Parties agree that Defendants will not be obligated to pay the Settlement Fund or any portion thereof and Lead Plaintiff's, Plaintiffs', Plaintiffs' Counsel's, and any other parties' remedy against Defendants shall be to terminate the Settlement.

### C.     The Escrow Agent

2.10.     The Escrow Agent shall invest the Settlement Fund, transferred pursuant to ¶2.8 herein, in instruments either fully insured or backed by the full faith and credit of the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. Defendants and the other Released Persons shall not have any responsibility or liability whatsoever for investment decisions. All risks related to the investment of the Settlement Fund shall be borne by the Escrow Agent and the Settlement Fund, and not by any of the Defendants or other Released Persons who shall be held harmless for any losses arising from the investment or disbursement of the Settlement Fund.

2.11.     The Escrow Agent shall permit Plaintiffs' Lead Counsel or the Claims Administrator to withdraw up to two hundred fifty thousand dollars ($250,000.00) from the

Settlement Fund, upon funding of the Settlement Fund as set forth in ¶2.8, to be used to pay the reasonable costs of providing notice of the Settlement to the Settlement Class, as well as customary administration costs.  Prior to the Effective Date, payment of any notice and administration costs exceeding $250,000.00 shall require written agreement from Defendants, through Defendants' Counsel.  Subsequent to the Effective Date, without further approval by Defendants or the Court, the Settlement Fund may be used by Lead Counsel to pay notice and administration costs reasonably and actually incurred in excess of $250,000.00.  Other than amounts disbursed for providing notice to the Settlement Class, customary administration costs, and Taxes and Tax Expenses (discussed in Section IV.2.D, *infra*), and the Fee and Expense Award (as defined in ¶6.1 hereof) (which shall be paid to Lead Counsel immediately following the Court's execution of an order awarding such fees and expenses), the Settlement Fund shall not be distributed until the Effective Date of the Settlement, as set forth in ¶7.1.

2.12.    Subject to further order(s) and/or direction(s) as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.

2.13.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation, or are returned to the Persons paying the same pursuant to this Stipulation in the event that this Settlement is not consummated or is terminated pursuant to the provisions of Section IV.2.E below, and/or upon further order(s) of the Court.

2.14.    The Escrow Agent shall not be responsible for the payment of any sums due to Authorized Claimants or other Persons, except to the extent of maintaining account of and appropriately paying sums as required by this Stipulation, but only to the limited extent that such sums have been delivered into the Escrow Account as required by this Stipulation.  The Escrow Agent shall be liable to the extent provided for under the laws of the State of Indiana.

### D.     Taxes

2.15.     (a)     The Settling Parties and the Escrow Agent shall treat the Escrow Account as a "qualified settlement fund" for purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.  The Escrow Agent shall timely make such elections as are necessary or advisable to carry out the provision of this ¶2.15, including, without limitation, the "relation-back election" described in Treas. Reg. §1.468B-1 back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to prepare and deliver timely and properly the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     The Escrow Agent shall be the Escrow Account's "administrator" as that term is used in Treas. Reg. §1.468B-2.  As administrator, the Escrow Agent shall satisfy the administrative requirements imposed by Treas. Reg. §1.468B-2 by, *e.g.*, (i) obtaining a taxpayer identification number, (ii) satisfying any information reporting or withholding requirements imposed on distributions from the Settlement Fund, and (iii) timely and properly filing applicable federal, state or local tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §§1.468B-2(k)) and paying any taxes reported thereon.  Such returns (as well as the election described in this ¶2.15) shall be consistent with this ¶2.15 and in all events shall reflect that all Taxes, as defined in subsection (c) below, on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.15(c) hereof.

(c)     All: (i) taxes (including any estimated taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including, without limitation, any taxes or tax detriments that may be imposed upon Defendants or Defendants' Counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes (collectively, "Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation

of this ¶2.15, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.15 (collectively, "Tax Expenses"), shall be paid out of the Settlement Fund.  Neither Defendants, Defendants' Counsel, nor other Released Persons shall have any liability or responsibility for the Taxes or the Tax Expenses, or the filing of any tax returns or other documents with the Internal Revenue Service or any other state or local taxing authority.  With funds from the Settlement Fund, the Escrow Agent shall indemnify and hold harmless Defendants, Defendants' Counsel, and other Released Persons for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall timely be paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)).  Neither Defendants, Defendants' Counsel, Defendants' director and officer liability insurance carriers, nor any other Released Persons shall be responsible in any respect therefore, nor shall they have any liability therefore.  The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.15.

### E.  Termination of Settlement

2.16.     In the event that the Stipulation is not approved or the Stipulation is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest) less expenses paid, incurred or due and owing consistent with this Stipulation, including those incurred providing notice to the Settlement Class, locating Settlement Class Members, soliciting claims, assisting with the filing of claims administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, escrow fees

and costs if any and all Taxes and Tax Expenses, provided for herein, shall be refunded pursuant to written instructions from counsel to the Defendants (in accordance with ¶7.4 herein).

**3.      Notice Order and Settlement Hearing**

3.1.      As soon as practicable after execution of this Stipulation, Lead Counsel (with Defendants' Counsel's consent) shall submit the Stipulation, together with its exhibits, to the Court and shall apply for entry of an order (the "Notice Order") attached hereto as Exhibit A, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, approval of the contents and method of distribution for the mailing of a settlement notice (the "Notice") in the form attached as Exhibit A-1 hereto, approval of the contents of the Proof of Claim and Release in the form attached as Exhibit A-2 hereto, and approval of the contents and method of publication of a summary notice (the "Summary Notice") in the form attached as Exhibit A-3 hereto.  The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing (as defined below).  Additionally, Defendants shall assist Lead Counsel and/or the Settlement Administrator in obtaining, from ITT's transfer agent, records of ownership as necessary to process and administer the Notice.

3.2.      With its application for entry of the Notice Order, requesting preliminary approval of the Settlement, Lead Counsel shall request that the Court hold a hearing (the "Settlement Hearing") after Notice is given, at which time Lead Counsel shall request that the Court grant final approval of the Settlement of this Litigation as set forth herein.  To permit compliance with the settlement notice requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, the Settlement Hearing shall take place no earlier than 100 days after the filing of this Stipulation.[2]

3.3.      At the Settlement Hearing, the Settling Parties shall jointly request entry of a Judgment, in the form attached hereto as Exhibit B:

---

[2] The Settling Parties will request that the Court schedule the Settlement Hearing no earlier than 100 days after entry of the Notice Order, preliminarily approving the Settlement, so that, among other things, the Settling Parties may comply with the provisions of the Class Action Fairness Act.

(a)     finally approving the Settlement as fair, reasonable, and adequate, within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and directing its consummation pursuant to its terms;

(b)     directing that the Litigation be dismissed without costs and with prejudice, and releasing the Released Claims;

(c)     permanently barring and enjoining the institution and prosecution, by Plaintiffs and the Settlement Class Members, of any other action or proceeding against the Released Persons in any court or forum, asserting any Released Claims; provided, however, that the Judgment shall not bar any action or claim to enforce the terms of the Settlement, as approved by the Court, or the Judgment;

(d)     permanently barring and enjoining, to the fullest extent permitted by 15 U.S.C. § 78u-4(f)(7)(A) and any other applicable law or regulation, any and all Persons from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to that Person is their actual or threatened liability to the Settlement Class or a Settlement Class Member) based upon, relating to, arising out of, or in connection with the Released Claims and/or transactions in ITT Securities during the Settlement Class Period;

(e)     reserving jurisdiction over the Litigation, including all future proceedings concerning the administration, consummation, and enforcement of this Stipulation;

(f)     finding that the Complaint in the Litigation was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act of 1995 and Rule 11 of the Federal Rules of Civil Procedure;

(g)     finding, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delaying and directing entry of a final judgment; and

(h)     containing such other and further provisions consistent with the terms of this Stipulation and consistent with Exhibit B to which the Settling Parties expressly consent in writing.

3.4.    At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.  Defendants do not and shall not take any position as to the proposed Plan of Allocation.

**4.    Releases and Bar Order**

4.1.    (a)    Upon the Effective Date, Plaintiffs and each of the Settlement Class Members (on behalf of themselves and each of their respective present and former family members, spouses, domestic partners, parents, associates, affiliates, divisions, subsidiaries, officers, directors, stockholders, owners, members, fiduciaries, employees, attorneys, accountants, consultants, underwriters, banks or bankers, insurers, reinsurers, excess insurers, co-insurers, advisors, principals, agents, heirs, executors, trustees, estates, beneficiaries, distributees, foundations, general or limited partners or partnerships, joint ventures, personal or legal representatives, administrators, predecessors, successors, and assigns, and any other person or entity who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any Settlement Class Member any of the Released Claims (or to obtain the proceeds of any recovery therefrom)), regardless of whether that Settlement Class Member actually submits a Proof of Claim and Release, seeks or obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed all Released Claims against the Defendants and all other Released Persons.

(b)    Upon the Effective Date, Plaintiffs and each of the Settlement Class Members (on behalf of themselves and each of their respective present and former family members, spouses, domestic partners, parents, associates, affiliates, divisions, subsidiaries, officers, directors, stockholders, owners, members, fiduciaries, employees, attorneys, accountants, consultants, underwriters, banks or bankers, insurers, reinsurers, excess insurers, co-insurers, advisors, principals, agents, heirs, executors, trustees, estates, beneficiaries, distributees, foundations, general or limited partners or partnerships, joint ventures, personal or legal representatives, administrators,

predecessors, successors, and assigns, and any other person or entity who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any Settlement Class Member any of the Released Claims (or to obtain the proceeds of any recovery therefrom)), regardless of whether that Settlement Class Member actually submits a Proof of Claim and Release, seeks or obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application, shall have covenanted not to sue the Released Persons with respect to any Released Claims and shall be permanently barred and enjoined from instituting, commencing, participating in, maintaining, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any Released Claim (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of this Action against any of the Released Persons.

4.2.     Upon the Effective Date, each of Defendants and/or the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Settlement Class Members, Plaintiffs, and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

4.3.     The proposed Judgment shall include, and the Settling Parties agree to the entry by the Court of an order providing for the bar order in ¶4.4 (the "Bar Order"), subject to the terms in ¶4.6 herein.

4.4.     The Bar Order shall provide that, upon the Effective Date, except as provided in ¶4.6 below, any and all persons and entities are permanently barred and enjoined, to the fullest extent permitted by 15 U.S.C. § 78u-4(f)(7)(A) and any other applicable law or regulation, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to that person or entity is their actual or threatened liability to the

Settlement Class or a Settlement Class Member) based upon, relating to, arising out of, or in connection with the Released Claims, against each and every one of the Released Persons, whether arising under state, federal, common, statutory, administrative or foreign law, regulation, or at equity, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum; and, except as provided in ¶4.6 below, the Released Persons are permanently barred and enjoined, to the fullest extent permitted by 15 U.S.C. § 78u-4(f)(7)(A) and any other applicable law or regulation, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to the Released Person is their actual or threatened liability to the Settlement Class or a Settlement Class Member) based upon, relating to, or arising out of the Released Claims, against any person or entity, other than a person or entity whose liability to the Settlement Class has been extinguished pursuant to the Settlement and the Judgment, whether arising under state, federal, common, statutory, administrative, or foreign law, regulation, or at equity, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum. Nothing herein shall bar, release, or alter in any way, any obligations, rights or claims among or between Released Persons.

4.5.     The Judgment shall also contain a provision, substantially in the form set forth in Exhibit B hereto, requiring that any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order as defined herein be reduced by the greater of: (i) an amount that corresponds to the percentage of responsibility of any of the Defendants for common damages; or (ii) $12,537,500.00.

4.6.     Notwithstanding the foregoing releases and Bar Order, nothing in this Stipulation shall release any claims, or bar any action by any of the Settling Parties, to enforce or to effectuate this Stipulation, the releases and other terms and conditions of the Settlement, the Notice Order, or the Judgment.

5.      **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1.      The Claims Administrator, subject to the supervision of Lead Counsel, and such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (defined below in ¶5.3 hereof)) to Authorized Claimants pursuant to the Plan of Allocation.

5.2.      Within ten (10) business days after entry of the Notice Order, counsel for Defendants will use reasonable efforts to cause ITT's transfer agent to provide the Claims Administrator with a list of names and addresses of record holders of ITT Securities during the Class Period.  This information shall be provided in an electronic format acceptable to the Claims Administrator.  Defendants shall be responsible for any costs or expenses related to providing this information.  Defendants and the other Released Persons shall not have any other role in, or any responsibility or liability to any Person for, the administration of the Settlement, nor shall any discovery be taken of Defendants in connection with such matters.

5.3.      Upon the Effective Date and thereafter, the Settlement Fund shall be applied as follows:

(a)      to pay Lead Counsel for Plaintiffs' attorneys' fees and expenses with interest thereon (the "Fee and Expense Award"), if and to the extent allowed by the Court;

(b)      to pay any award of reimbursement of expenses to the Plaintiffs, if and to the extent allowed by the Court;

(c)      to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, soliciting Settlement Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any;

(d)      to pay the Taxes and Tax Expenses described in ¶2.15 hereof; and

(e)     to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or order of the Court.

5.4.     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

(a)     Within one hundred-twenty (120) days after the Notice Order or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release form ("Proof of Claim"), substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury, and supported by such documents as are specified in the Proof of Claim and as are reasonably available to such Person.

(b)     Except as otherwise ordered by the Court, any and all Settlement Class Members who fail to timely submit a properly completed Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth therein, but shall nevertheless be barred and enjoined from bringing any action, claim or other proceeding of any kind against the Released Persons concerning the Released Claims and will in all respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, the Judgment, and all proceedings, rulings, orders, and judgments in this Action, including without limitation, the release of the Released Claims and the dismissal with prejudice of this Action.  Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

(c)     The Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  Any such Plan of Allocation is not a part of this Stipulation.  No funds from the Net

Settlement Fund shall be distributed to Authorized Claimants until the Effective Date.  Defendants shall not have a reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion.  Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to one or more secular §501(c)(3) organization(s) selected by the Lead Counsel.

5.5.     The Released Persons, Defendants' Counsel and Defendants' directors and officers liability insurance carriers shall have no responsibility for, interest in, or liability whatsoever with respect to any act, omission or determination of the Escrow Agent, Claims Administrator, Plaintiffs' counsel, including Lead Counsel, or designees of said persons regarding the investment or distribution of the Settlement Fund or Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection with any such matters.  Plaintiffs and each Settlement Class Member hereby fully, finally, and forever release, relinquish, and discharge the Released Persons and their counsel from any and all such liability.

5.6.     No Person shall have any claim against Plaintiffs, Lead Counsel, the Claims Administrator, or their counsel based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.  No Person shall have any claim against the Released Persons or their counsel arising from or relating to the management of, distributions from, or the disposition of the Settlement Fund or the Net Settlement Fund, and Plaintiffs and each Settlement Class Member hereby fully, finally, and forever release, relinquish, and discharge the Released Persons and their counsel from any and all such liability.

5.7.     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered

by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.  The time to appeal from approval of the Settlement shall commence upon the Court's entry of the Judgment regardless of whether a Plan of Allocation has been submitted to the Court or has been approved.

5.8.      All Persons who fall within the definition of Members of the Settlement Class shall be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

## 6.      Lead Counsel's Attorneys' Fees and Expenses

6.1.      Lead Counsel may submit an application to the Court (the "Fee and Expense Application") for distributions to Plaintiffs' counsel from the Settlement Fund for: (a) an award of attorneys' fees of up to twenty-five percent (25%) of the Settlement Fund (i.e. up to $3,134,375); plus (b) the payment of reasonable expenses incurred in connection with prosecuting the Litigation (including, but not limited to the fees and expenses of experts and consultants), plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court; plus (c) the payment to Plaintiffs for time and expense in litigation of this action (the "Fee and Expense Award").  Lead Counsel reserves the right to make additional applications to the Court for fees and expenses incurred based on unanticipated developments in the Litigation or in the administration of the Settlement.

6.2.      The Fee and Expense Award, including the fees and expenses of experts and consultants as awarded by the Court shall be payable to Lead Counsel, from the Settlement Fund, immediately upon the entry of the Court's order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral

attack on the Settlement or any part thereof, subject to Lead Counsel's obligation to repay those amounts to the Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Fee and Expense Award is reduced or reversed or return of the Settlement Fund is required consistent with the provisions of ¶7.3 hereof.  If, and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the Fee and Expense Award is overturned or reduced, or if the Settlement is terminated or is not approved by the Court, or if there is an appeal and any order approving the Settlement does not become Final and binding upon the Settlement Class, then, within ten (10) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, Lead Counsel shall refund to the Settlement Fund such fees and expenses previously paid to them from the Settlement Fund, plus interest thereon at the same rate as earned on the Settlement Fund, in an amount consistent with such reversal or modification.  Lead Counsel may allocate awarded attorneys' fees among other plaintiffs' counsel in a manner in which, in Lead Counsel's good-faith judgment, reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.  Each such plaintiff's counsel's law firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, shall agree that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this Paragraph.

6.3.     The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application by Lead Counsel to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation; and any order or proceeding relating to any Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation or the Settlement.

6.4.     Defendants and the other Released Persons and their counsel shall have no responsibility for, and no liability whatsoever with respect to, any payment from the Settlement Fund

of any type or nature whatsoever, including attorneys' fees and expenses paid to any counsel for Plaintiffs or the Settlement Class.

6.5.     Defendants and the other Released Persons and their counsel shall have no responsibility for, and no liability whatsoever with respect to, the allocation among plaintiffs' counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

### 7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

7.1.     The Effective Date of this Stipulation, and the Settlement incorporated herein, shall be conditioned on the occurrence of all of the following events:

(a)     the Court has entered the Notice Order, preliminarily approving the Settlement, as required by ¶3.1 hereof;

(b)     the Court has granted final approval of the Settlement as described herein, following notice to the Settlement Class and a Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and has entered the Judgment, in all material respects in accordance with ¶3.3 and Exhibit B hereof;

(c)     Defendants have not exercised their option to terminate the Settlement pursuant to ¶7.5 hereof; and,

(d)     the Judgment has become Final, as defined in ¶1.10 hereof.

7.2.     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.   If any of the conditions specified in ¶7.1 hereof are not met, then this Stipulation shall be canceled and terminated subject to ¶7.3 hereof, unless Plaintiffs' Lead Counsel and Defendants' Counsel all mutually agree in writing to proceed with the Settlement in accordance with ¶7.4.

7.3.     Unless otherwise ordered by the Court, in the event the Effective Date does not occur or this Stipulation shall terminate, or be canceled, or otherwise fail to become effective for any reason, including, without limitation, in the event that the Settlement as described herein is not

approved by the Court or the Judgment is reversed or vacated following any appeal taken there from, then:

      (a)    within fifteen (15) business days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), excluding only reasonable costs actually incurred in connection with providing notice to the Settlement Class that have either been properly disbursed or are due and owing pursuant to ¶2.11 (so long as supporting documentation for such costs is provided) and Taxes and Tax Expenses that have been paid or that have accrued and will be payable at some later date in accordance with ¶2.15 (so long as supporting documentation for such taxes is provided), will be refunded, reimbursed, and repaid by the Escrow Agent to Defendants, as directed in writing by Defendants' Counsel; if said amount or any portion thereof is not returned within such fifteen (15) day period, then interest shall accrue thereon at the same rate as earned by the Settlement Fund until the date that said amount is returned;

      (b)    at the request of Defendants' Counsel, the Escrow Agent or its designee shall apply for any Tax refund owed on the Settlement Fund and pay the proceeds to Defendants, as directed in writing by Defendants' Counsel, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund pursuant to such written request;

      (c)    the Settling Parties shall be restored to their respective positions in the Litigation as of July 14, 2015, the date the Court granted a stay of this Action pending settlement discussions, with all of their respective claims and defenses preserved as they existed on that date, and the Settling Parties shall in good faith propose a new case schedule;

      (d)    any order certifying a class in this Action for purposes of this Settlement prior to termination shall be null and void and a class shall not be considered certified for purposes of further litigation;

      (e)    the terms and provisions of this Stipulation shall be null and void and shall have no further force and effect with respect to the Settling Parties (except for ¶¶1.1-1.29, 2.9, 2.10, 2.12-2.16, 5.5, 6.2, 6.4, 7.3, 7.4, 8.2, 8.5, 8.6, 8.7, 8.11, 8.16, 8.17, and 8.18 which shall survive

termination), and neither the existence nor the terms of this Stipulation (nor any negotiations preceding this Stipulation nor any acts performed pursuant to, or in furtherance of, this Stipulation) shall be used in this Litigation or in any other proceeding for any purpose; and

(f)     any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

7.4.     If the Court does not enter the Judgment in all material respects in the form attached as Exhibit B hereto, or if the Court enters the Judgment and appellate review is sought and, on such review, the entry of the Judgment is finally vacated, modified, or reversed, then this Stipulation and the Settlement incorporated therein shall be cancelled and terminated, unless all parties who are adversely affected thereby, in their sole discretion within thirty (30) business days from the date of the mailing of such ruling to such parties, provide written notice to all other parties hereto of their intent to proceed with the Settlement under the terms of the Judgment as modified by the Court or on appeal.  Such notice may be provided on behalf of Plaintiffs and the Settlement Class Members by Lead Counsel.  No Settling Party shall have any obligation whatsoever to proceed under any terms other than substantially in the form provided and agreed to herein; provided, however, that no order of the Court concerning any Fee and Expense Application or Plan of Allocation, or any modification or reversal on appeal of such order, shall constitute grounds for cancellation or termination of this Stipulation by any Settling Party.  Without limiting the foregoing, Defendants shall have, in their sole and absolute discretion, the option to terminate the Settlement in its entirety in the event that the Judgment, upon becoming Final, does not provide for the dismissal with prejudice of the Litigation against them or provide the releases or bar orders contained in Exhibit B.

7.5.     If, prior to the Settlement Hearing, any Persons who otherwise would be Settlement Class Members have validly requested exclusion from the Settlement Class ("Requests for Exclusion") in accordance with the provisions of the Notice or Notice Order, and such Persons, in the aggregate, during the Settlement Class Period purchased or acquired ITT common stock or options on ITT common stock (and/or wrote put options on ITT common stock) equal to or more

than a certain percentage of ITT Securities specified in a separate Supplemental Agreement to the Stipulation, then Defendants shall have, in their sole and absolute discretion, the option to terminate this Stipulation on behalf of all Settling Parties in accordance with the procedures set forth in the Supplemental Agreement.  Lead Counsel shall, however, have an opportunity to seek retraction of any Request for Exclusion under the terms of the Supplemental Agreement.  The Supplemental Agreement shall not be filed with the Court.  If required by the Court, Plaintiffs and Defendants shall request that the Supplemental Agreement be filed under seal and/or any of its terms be disclosed only *in camera* to the Court for purposes of approving the Settlement, and that such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the threshold percentage amount of ITT Securities specified in the Supplemental Agreement.  The Claims Administrator shall promptly (and not more than three (3) business days after the Claims Administrator receives such a request) electronically provide copies of any or all Requests for Exclusion to Lead Counsel and to Defendants' Counsel.  A listing of all persons who have validly requested exclusion from the Settlement Class shall be provided by Lead Counsel to Defendants' Counsel within five (5) business days following the deadline for requesting exclusion from the Settlement Class and to the Court no later than ten (10) days prior to the Settlement Hearing.  The list of persons who have validly requested exclusion from the Settlement Class provided to the Court shall also include a certification that all Requests for Exclusion have been previously provided to Defendants' Counsel.

**8.     Miscellaneous Provisions**

8.1.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.

8.2.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

8.3.     The Settling Parties: (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the

extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

8.4.    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes that have arisen, or could have arisen, between them, and all claims that have been asserted, or that could have been asserted, by Plaintiffs and the Settlement Class Members against the Defendants and other Released Persons with respect to the Released Claims.   The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.

8.5.    While Defendants deny that the claims advanced in the Litigation were meritorious, they will not assert in any public forum that the Litigation was not filed by Plaintiffs in good faith and/or is not being settled voluntarily after consultation with competent legal counsel. Plaintiffs will not assert in any public forum that Defendants' defenses were, or would be, made in bad faith or without reasonable bases, or that the Settlement is not in the best interests of the Settlement Class Members.   The Judgment will contain a finding that, during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.   The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated at arm's length and in good faith by the Settling Parties and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel.   The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.6.    While maintaining their positions that the claims and defenses asserted in the Action are meritorious, Plaintiffs and Plaintiffs' Counsel, on the one hand, and Defendants and Defendants' counsel, on the other, shall not make any public statements or statements to the media (whether or not for attribution) that disparage the other's business, conduct, or reputation or that of their counsel based on the subject matter of the Action.

8.7.     Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, none of this Stipulation, its Exhibits, the fact and terms of the Settlement contained herein, or any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, concession of, or evidence of, the truth or validity of any Released Claim, of any allegations or claims made in the Litigation, of any allegations or claims that could have been made in the Litigation, or of any allegation of wrongdoing, negligence, fault, or liability of Defendants or any other Released Persons; or (b) is or may be deemed to be or may be used as an admission of, concession of, or evidence of, the deficiency or infirmity of any defense that has been or could have been asserted in the Action or in any litigation; or (c) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, negligence, fault, misrepresentation, omission, or wrongdoing as against any of Defendants or any Released Persons in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; or (d) is or may be deemed to be or may be used as an admission of, or evidence that class certification is appropriate in this Action, except for purposes of this Settlement; or (e) is or may be deemed to be or may be used as an admission of, or evidence that the consideration to be paid under the Settlement represents the amount which could be or would have been recovered after trial in this Action; or (f) is or may be deemed to be or may be used as an admission of, or evidence that any damages potentially recoverable under the Complaint would have exceeded or would have been less than the Settlement Fund.  Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement; provided, however that if the Settlement is approved by the Court, the Released Persons may refer to or file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim under U.S. federal or state law or foreign law.

8.8.     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.  Without further order of the Court, counsel for the Settling Parties may agree to reasonable extensions of time to carry out any provisions of this Stipulation.

8.9.     The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.  The provisions of this Stipulation may not be waived except by writing signed by the affected party, or counsel for that party.

8.10.     This Stipulation, including its Exhibits and Supplemental Agreement which are material parts thereof, constitutes the entire agreement among the parties hereto and no representations, warranties, or inducements have been made to any party concerning the Stipulation other than the representations, warranties, and covenants contained and memorialized in such documents.  It is understood by the Settling Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Stipulation is entered into may turn out to be other than, or different from, the facts now known to each party or believed by such party to be true; each party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.  Except as otherwise provided herein, each party shall bear its own costs.

8.11.     This Stipulation shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

8.12.     Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and also are expressly authorized to enter into any

modifications or amendments to this Stipulation on behalf of the Settlement Class which they deem appropriate.  Plaintiffs and Lead Counsel represent and warrant that none of Plaintiffs' claims or causes of action referred to herein, or that could have been alleged in the Litigation, has been assigned, encumbered, hypothecated, conveyed, transferred, or in any manner granted or given, in whole or in part, to any other Person.

8.13.    Each counsel or other Person executing this Stipulation and any documents prepared in furtherance of the Stipulation on behalf of any party hereto, hereby warrants that such Person has the full authority to do so.

8.14.    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

8.15.    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto, including any corporation or other entity into or with which any Party merges, consolidates, or reorganizes.

8.16.    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

8.17.    Nothing in this Stipulation, Settlement, or the negotiations or proceedings relating to the foregoing is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the accountants' privilege, the attorney-client privilege, the joint defense privilege, or work product immunity; further, all communications, documents, and/or other statements between Plaintiffs' Counsel and Defendants' Counsel in connection with the mediation of this Litigation and relating to the drafting and execution of this Settlement shall be kept confidential and shall be inadmissible in any proceeding in any U.S. federal or state court or other tribunal or otherwise, in accordance with Rule 408 of the Federal Rules of Evidence as if such Rule applied in all respects in any such proceeding or forum.

8.18.     This Stipulation and the Settlement contemplated by it, and all disputes arising out of or relating to the Stipulation and Settlement shall be construed and enforced in accordance with, and governed by, the substantive laws and procedural rules of the State of Indiana without giving effect to Indiana's choice-of-law principles, except to the extent that federal law requires that federal law governs.  Any dispute relating to this Stipulation shall be brought exclusively in the United States District Court for the Southern District of Indiana.

8.19.     Any written notice required pursuant to or in connection with this Stipulation shall be delivered by e-mail to the Parties' counsel as designated and identified below and also by overnight mail addressed to a representative of Lead Counsel and/or Defendants' Counsel, which shall be Robert V. Prongay and Jennifer L. Conn at the addresses identified below, respectively, unless and until notification of a change in said representatives.

8.20.     Except where specifically noted, all time periods set forth in this Settlement will be computed in calendar days and pursuant to the terms of Rule 6(a) of the Federal Rules of Civil Procedure.


IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of November 2, 2015.


Dated: November __2__, 2015            **GLANCY PRONGAY & MURRAY LLP**

By: _____
Lionel Z. Glancy
Robert V. Prongay
Leanne H. Solish
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:     (310) 201-9150
Facsimile:      (310) 201-9160

*Lead Counsel for Lead Plaintiff*
*and the Class*

**KATZ & KORIN, PC**
Offer Korin [Atty. No. 14014-49]
334 North Senate Avenue
Indianapolis, Indiana 46204-1708
Telephone:    (317) 464-1100
Facsimile:    (317) 464-1111

*Liaison Counsel for Lead Plaintiff
and the Class*

Dated: November 2, 2015

**GIBSON, DUNN & CRUTCHER LLP**

By: _____
Jennifer L. Conn
200 Park Avenue
New York, New York 10166-0193
Telephone:    (212) 351-4000
Facsimile:    (212) 351-4035

Wayne W. Smith
3161 Michelson Drive
Irvine, California 92612-4412
Telephone:    (949) 451-3800
Facsimile:    (949) 451-4220

**ICE MILLER LLP**
Philip A. Whistler
Thomas E. Mixdorf
One American Square, Suite 2900
Indianapolis, Indiana 46282-0200
Telephone:    (317) 236-2100
Facsimile:    (317) 592-4790

*Counsel for Defendants*