**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| *In re* ITT EDUCATIONAL SERVICES, INC. SECURITIES LITIGATION (INDIANA) | ) ) | Case No. 1:14-cv-01599-TWP-DML |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

Pending before this Court is the action entitled *In re* ITT EDUCATIONAL SERVICES, INC. SECURITIES LITIGATION (INDIANA), Civil Action No. 1:14-cv-01599-TWP-DML, United States District Court for the Southern District of Indiana ("the Litigation").

The Court has received the Stipulation and Agreement of Settlement dated November 2, 2015 ("the Stipulation"), which has been entered into by Plaintiffs (on behalf of themselves and the Settlement Class) and Defendants, and the Court has reviewed the Stipulation and the Exhibits annexed thereto.

Pursuant to Federal Rule of Civil Procedure 23(e), this Court preliminarily approved the Settlement of this Litigation, as set forth in the Stipulation, in an Order dated November 4, 2015, (the "Notice Order").

Upon application of the Settling Parties, this matter came before the Court for hearing on March 10, 2016 ("the Settlement Hearing"), to determine whether the terms and conditions of the Settlement are fair, reasonable, adequate and in the best interests of the Settlement Class, and should be finally approved; and whether Judgment should be entered pursuant to the terms of the Settlement, among other things, releasing all Released Claims against all Released Persons and dismissing the Litigation with prejudice.

Due and adequate notice has been given of the Settlement as required in the Notice Order, and the Court having heard argument including all matters submitted at the Settlement Hearing, reviewed the pleadings, and being duly advised, the Court hereby finds as follows:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all Members of the Settlement Class who did not timely file a Request for Exclusion from the Settlement Class by the February 11, 2016, deadline pursuant to the Notice Order.

3. Pursuant to Federal Rule of Civil Procedure 23, for purposes of this Settlement only, the Court finally certifies this Action as a class action, with a Settlement Class defined as all persons and/or entities who purchased or otherwise acquired the common stock of ITT Educational Services, Inc. ("ITT" or the "Company") (ticker symbol: ESI), purchased or otherwise acquired call options on ITT common stock, or wrote put options on ITT common stock, between February 26, 2013 and May 12, 2015, both dates inclusive. Excluded from the Settlement Class are Defendants, the officers and directors of ITT during the Settlement Class Period, members of their immediate families, the legal representatives, heirs, successors or assigns of any of the foregoing and any entity in which a Defendant has or had a controlling interest during the Settlement Class Period. Also excluded from the Settlement Class is any person or entity that timely and validly requested exclusion from the Settlement Class, pursuant to and in accordance with the terms of the Notice Order, and as listed on Schedule 1 hereto.

4. With respect to the Settlement Class, for purposes of this Settlement only, the Court finds and concludes that the prerequisites for a class action under Rules 23(a) and (b)(3) of the

Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiff and court-appointed class representative, Meitav Dash Mutual Fund Management Ltd., are typical of the claims of the Settlement Class it represents; (d) Lead Plaintiff, as the class representative, has and will continue to fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual Members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. Pursuant to Federal Rule of Civil Procedure 23, and for the purposes of this Settlement only, the Court hereby affirms its determinations in the Notice Order and finally appoints Lead Plaintiff as a class representative for the Settlement Class, and finally appoints Lead Counsel, Glancy Prongay & Murray LLP, as class counsel for the Settlement Class.

6. Notice of the pendency of the Action as a class action and of the proposed Settlement was given to Settlement Class Members in accordance with the terms of the Settlement and the Court's Notice Order. The distribution of the Notice and the publication of the Summary Notice, as provided for in the Notice Order, constituted the best notice practicable under the circumstances, including individual notice to all Members of the Settlement Class who could be identified through reasonable effort. In addition to providing the best notice practicable under the circumstances to all persons entitled to such notice, the form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process and fully satisfied the requirements

of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, the requirements of Due Process under the U.S. Constitution, and any other applicable law.

7. Pursuant to and in compliance with Federal Rule of Civil Procedure 23, the Court hereby finds that due and adequate notice of these proceedings, including the Settlement Hearing, was directed to all persons and entities who are Settlement Class Members, advising them of the Settlement, and of their right to object thereto, and a full and fair opportunity was accorded to all Settlement Class Members to be heard with respect to the Settlement. Therefore, it is hereby determined that all Settlement Class Members, other than those persons and entities that are listed on Schedule 1 hereto, who have timely excluded themselves from the Settlement Class, are bound by this Judgment.

8. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable and adequate to, and is in the best interests of the Plaintiffs, the Settlement Class, and each of the Settlement Class Members. This Court further finds the Settlement set forth in the Stipulation is the result of arm's-length negotiations, undertaken with the assistance of an experienced mediator, between experienced counsel representing the interests of the Plaintiffs, the Settlement Class Members, and the Defendants. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

9. Except as to any individual claim of those persons or entities (identified in Schedule 1 attached hereto), whose timely request for exclusion from the Settlement Class was received before the February 11, 2016 deadline, the Litigation and all claims contained therein, including

all of the Released Claims, are dismissed with prejudice as against each and all of the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

10. Upon the Effective Date, the Plaintiffs and each of the Settlement Class Members (on behalf of themselves and each of their respective present and former family members, spouses, domestic partners, parents, associates, affiliates, divisions, subsidiaries, officers, directors, stockholders, owners, members, fiduciaries, employees, attorneys, accountants, consultants, underwriters, banks or bankers, insurers, reinsurers, excess insurers, co-insurers, advisors, principals, agents, heirs, executors, trustees, estates, beneficiaries, distributees, foundations, general or limited partners or partnerships, joint ventures, personal or legal representatives, administrators, predecessors, successors, and assigns, and any other person or entity who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any Settlement Class Member any of the Released Claims (or to obtain the proceeds of any recovery therefrom)), regardless of whether that Settlement Class Member actually submits a Proof of Claim and Release, seeks or obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed all Released Claims against the Defendants and all other Released Persons.

11. Upon the Effective Date, Plaintiffs and each of the Settlement Class Members (on behalf of themselves and each of their respective present and former family members, spouses, domestic partners, parents, associates, affiliates, divisions, subsidiaries, officers, directors,

stockholders, owners, members, fiduciaries, employees, attorneys, accountants, consultants, underwriters, banks or bankers, insurers, reinsurers, excess insurers, co-insurers, advisors, principals, agents, heirs, executors, trustees, estates, beneficiaries, distributees, foundations, general or limited partners or partnerships, joint ventures, personal or legal representatives, administrators, predecessors, successors, and assigns, and any other person or entity who has the right, ability, standing, or capacity to assert, prosecute, or maintain on behalf of any Settlement Class Member any of the Released Claims (or to obtain the proceeds of any recovery therefrom)), regardless of whether that Settlement Class Member actually submits a Proof of Claim and Release, seeks or obtains a distribution from the Net Settlement Fund, is entitled to receive a distribution under the Plan of Allocation approved by the Court, or has objected to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application, shall have covenanted not to sue the Released Persons with respect to any Released Claims and shall be permanently barred and enjoined from instituting, commencing, participating in, maintaining, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any Released Claim (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of this Action against any of the Released Persons.

12. Upon the Effective Date hereof, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Settlement Class Members, and Lead Counsel from all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the Released Claims.

13. Upon the Effective Date, except as provided in ¶15 below, any and all persons and entities are permanently barred and enjoined, to the fullest extent permitted by 15 U.S.C. § 78u-4(f)(7)(A) and any other applicable law or regulation, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to that person or entity is their actual or threatened liability to the Settlement Class or a Settlement Class Member) based upon, relating to, arising out of, or in connection with the Released Claims, against each and every one of the Released Persons, whether arising under state, federal, common, statutory, administrative or foreign law, regulation, or at equity, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum; and, except as provided in ¶15 below, the Released Persons are permanently barred and enjoined, to the fullest extent permitted by 15 U.S.C. § 78u-4(f)(7)(A) and any other applicable law or regulation, from commencing, prosecuting, or asserting any and all claims for contribution or indemnity (or any other claim when the alleged injury to the Released Person is their actual or threatened liability to the Settlement Class or a Settlement Class Member) based upon, relating to, or arising out of the Released Claims, against any person or entity, other than a person or entity whose liability to the Settlement Class has been extinguished pursuant to the Settlement and the Judgment, whether arising under state, federal, common, statutory, administrative, or foreign law, regulation, or at equity, as claims, cross-claims, counterclaims, or third-party claims, in this Action or a separate action, in this Court or in any other court, arbitration proceeding, administrative proceeding, or other forum. Nothing herein shall bar, release, or alter in any way, any obligations, rights or claims among or between Released Persons.

14. Upon the Effective Date, any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order described in ¶13 above shall be reduced by the greater of: (i) an amount that corresponds to the percentage of responsibility of any of the Defendants for common damages; or (ii) $12,537,500.00.

15. Notwithstanding any of the releases or the Bar Order above, nothing in this Judgment shall release any claims, or bar any action by any of the Settling Parties, to enforce or to effectuate the Stipulation, the releases and other terms and conditions of the Settlement, the Notice Order, or this Judgment.

16. The Plan of Allocation submitted by Lead Counsel, as described in the Notice and in accordance with ¶1.19 of the Stipulation, is hereby approved as fair, reasonable and adequate. Any further orders or proceedings solely regarding the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall be considered separate and apart from this Judgment and shall not operate to terminate the Settlement or in any way disturb or affect this Judgment and the release of the Released Claims.

17. None of the Stipulation, its Exhibits, the fact and terms of the Settlement contained therein, or any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, concession of, or evidence of, the truth or validity of any Released Claim, of any allegations or claims made in the Litigation, of any allegations or claims that could have been made in the Litigation, or of any allegation of wrongdoing, negligence, fault, or liability of the Defendants or any other Released Persons; or (b) is or may be deemed to be or may be used as an admission of, concession of, or evidence of, the deficiency or infirmity of any defense that has been or could have been asserted

in the Action or in any litigation; or (c) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, negligence, fault, misrepresentation, omission, or wrongdoing as against any of the Defendants or any Released Persons in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; (d) is, or may be deemed to be, or may be used as an admission of, or evidence that class certification is appropriate in this Action, except for purposes of the Settlement; or (e) is, or may be deemed to be, or may be used as an admission of, or evidence that the consideration to be paid under the Settlement represents the amount which could be or would have been recovered after trial in this Action; or (f) is, or may be deemed to be, or may be used as an admission of, or evidence that any damages potentially recoverable under the Complaint would have exceeded or would have been less than the Settlement Fund. Neither the Stipulation nor the fact or terms of the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement. The Released Persons nevertheless may refer to or file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim under U.S. federal or state law or foreign law.

18. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses in the Litigation; and (d)

all Settling Parties hereto for the purpose of construing, enforcing and administering the Stipulation of Settlement.

19. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated to the extent provided by the Stipulation and, in such event, (a) all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; and (b) the fact of the Settlement shall not be admissible in any trial of the Action and Lead Plaintiff and Defendants reserve their rights to proceed in all respects as if the Settlement had not been entered into and without any prejudice in any way from the negotiation, fact or terms of the Settlement.

21. The Court hereby **GRANTS** Lead Counsel attorneys' fees of 25% of the Settlement Fund in the amount of $3,134,375.00, and expenses in an amount of $109,160.78, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation and the result obtained for the Settlement Class. Said fees shall be allocated among any other plaintiffs' counsel in a manner which, in Lead Counsel's good-

faith judgment, reflects each counsel's contribution to the institution, prosecution, and resolution of the Litigation. The Court hereby **GRANTS** Lead Plaintiff Meitav Dash Mutual Fund Management Ltd. its reasonable costs and expenses (including lost wages) directly related to its representation of the Settlement Class in the amount of $10,000.00. The Court hereby **GRANTS** Plaintiff Babulal Tarapara his reasonable costs and expenses (including lost wages) directly related to his representation of the Settlement Class in the amount of $750.00. The Court hereby **GRANTS** Plaintiff Kristopher Hennen his reasonable costs and expenses (including lost wages) directly related to his representation of the Settlement Class in the amount of $750.00. The Court hereby **GRANTS** Plaintiff Cynthia Grebely her reasonable costs and expenses (including lost wages) directly related to her representation of the Settlement Class in the amount of $750.00. The Court hereby **GRANTS** Plaintiff Hoai T. Truong her reasonable costs and expenses (including lost wages) directly related to her representation of the Settlement Class in the amount of $750.00. The attorneys' fees and expense awards for Lead Counsel as well as the reimbursement awards for the class representatives are to be paid from the Settlement Fund.

22. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Plaintiffs' Lead Counsel from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation and in particular ¶6.2 thereof, which terms, conditions, and obligations are incorporated herein.

**SO ORDERED.**

Date: 3/24/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Katherine M. Lenahan
FARUQI & FARUQI LLP
klenahan@faruqilaw.com

Megan M. Sullivan
FARUQI & FARUQI LLP
msullivan@faruqilaw.com

Nadeem Faruqi
FARUQI & FARUQI, LLP
nfaruqi@faruqilaw.com

Richard W. Gonnello
FARUQUI & FARUQI LLP
rgonnello@faruqilaw.com

Jennifer L. Conn
GIBSON DUNN & CRUTCHER LLP
jconn@gibsondunn.com

Wayne W. Smith
GIBSON DUNN & CRUTCHER, LLP
wsmith@gibsondunn.com

Lionel Zevi Glancy
GLANCY BINKOW & GOLDBERG
lglancy@glancylaw.com

Robin Bronzaft Howald
GLANCY BINKOW & GOLDBERG
rhowald@glancylaw.com

Leanne E. Heine
GLANCY BINLOW GOLDBERG LLP
lheine@glancylaw.com

Peter A. Binkow
GLANCY PRONGAY & MURRAY
pbinkow@glancylaw.com

Robert V. Prongay
GLANCY PRONGAY & MURRAY
rprongay@glancylaw.com

Philip A. Whistler
ICE MILLER LLP
philip.whistler@icemiller.com

Thomas Eugene Mixdorf
ICE MILLER LLP
thomas.mixdorf@icemiller.com

Offer Korin
KATZ & KORIN P.C.
okorin@katzkorin.com

Francis P. McConville
POMERANTZ LLP
fmcconville@pomlaw.com

Jeremy A. Lieberman
POMERANTZ LLP
jalieberman@pomlaw.com

Patrick V. Dahlstrom
POMERANTZ LLP
pdahlstrom@pomlaw.com

Brad A. Catlin
PRICE WAICUKAUSKI JOVEN &
CAITLIN, LLC
bcatlin@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI JOVEN &
CAITLIN, LLC
rwaicukauski@price-law.com

Kathleen M. Sweeney
SWEENEY HAYES LLC
ksween@gmail.com

Robert V. Prongay
GLANCY PRONGAY & MURRAY LLP
rprongay@glancylaw.com

Samuel Duncan Krahulik
THE HASTINGS LAW FIRM
skrahulik@lawindianapolis.com